UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION

| | |
|---|---|
| KAMTECH RESTORATION CORP, | ) |
| *a citizen of New York* | )   23-CV-60113 |
| LEVEL UP ASSETS, LLC | ) |
| *a citizen of New York* | )   DEMAND FOR |
| SHAWN GREENWAY, | )   JURY  TRIAL |
| *a citizen of Georgia* | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) |
| | ) |
| | ) |
| KARL MOLTIMER | ) |
| *a citizen of Florida* | ) |
| SUPER GREEEN LOGISTICS, LLC | ) |
| *a citizen of Florida* | ) |
| | ) |
| Defendants | ) |
| _____/ | |

<u>COMPLAINT</u>

Plaintiffs, LEVEL UP ASSETS, LLC, SHAWN GREENWAY, and

KAMTECH RESTORATION CORP, file this Complaint for unjust enrichment, and

money had and received against the above-captioned Defendants KARL

MOLTIMER and SUPER GREEN LOGISTICS, LLC.

## INTRODUCTION

Plaintiffs paid Defendants more than Three Hundred Thousand dollars for trucks and/or trailers that they never received and, despite repeated demands to do so, Defendants have refused to return any of the monies Plaintiffs sent to Defendants for those trucks and/or trailers. Based on Defendants' failure to return any of these monies to Plaintiffs or to deliver any vehicles as promised, Defendants were unjustly enriched and have caused Plaintiffs to suffer monetary damages exclusive of interests, costs, and attorneys' fees as follows:

- Plaintiff Level Up Assets has suffered monetary damages of no less than ($127,908.75).

- Plaintiff Kamtech Restoration Corp suffered monetary damages of no less than ($102,445.00).

- Plaintiff Shawn Greenway suffered monetary damages of no less than ($89,273.00).

In sum, Defendants have caused Plaintiffs to suffer damages in the amount of no less than $**319,576.75** exclusive of interests, costs, and attorneys' fees.

## PARTIES

1.    Plaintiff, Level Up Assets is a citizen of the state of New York. Level Up Assets is a limited liability corporation organized in New York and with its principal place of business located in New York.  Daquan Vandross is the managing member and the sole member of Plaintiff Level Up Assets and is a citizen of New York and resides in New York.

2.    Plaintiff, Shawn Greenway, is a citizen of the state of Georgia who resides in Georgia.

3.    Plaintiff Kamtech Restoration Corp is a citizen of the state of New York. Kamtech Restoration Corp is a corporation incorporated in New York and with its principal place of business located in Inwood, New York. Krzyszof Kaminski is the owner and president of Kamtech Restoration Corp. Mr Kaminski is a citizen of New York and resides in New York.

4.    Defendant Super Green Logistics LLC is a citizen of the state of Florida. Super Green Logistics LLC is a limited liability corporation organized in Florida and with its principal place of business located in Fort Lauderdale, Florida. Each of the members of Super Green Logistics LLC, including Defendant Karl Moltimer and Yamilee Moltimer are citizens of the state of Florida.

5.    Defendant Karl Moltimer ("Moltimer") is a managing member and founder of Defendant Super Green Logistics LLC. Mr. Moltimer is also a felon convicted of

wire fraud and aggravated identity theft offenses in *United States v. Karl Moltimer,* 14-cr-20117-CMA (S.D. Fla.), and a citizen of the state of Florida who resides in the State of Florida. Defendant Moltimer is one of the managing members of Defendant Super Green Logistics LLC.

JURISDICTION & VENUE

6.     This Court has subject matter jurisdiction over all claims for relief pursuant to 28 U.S.C. §1332(a)(1) because the parties, as citizens of different States, are of diverse citizenship and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.     Defendant Karl Moltimer is subject to personal jurisdiction in the State of Florida and in this judicial district because Defendant Karl Moltimer resides in this district, conducted and/or currently conducts business within the State of Florida, has committed and/or caused within this district the torts and other violations of law as set forth herein.

8.     Defendant Super Green Logistics LLC is an inactive federal motor carrier whose authority was revoked in 2021 and 2022.  When it was active it maintained USDOT Number 3633900 and MC Number 1246012. Defendant is subject to personal jurisdiction in the State of Florida and in this judicial district because it conducted business in Florida, [1] was organized or incorporated in the State of

---

[1] https://supergreenlogistics.com/optin4957638783

Florida, maintain or maintained their principal places of business in the State of Florida, and committed and/or caused within this district the torts and other violations of law as set forth herein.

9.      Venue is proper in this Court under 28 U.S.C. §§ 1391(b)(1), 1391(b)(2) and 1391(c)(1), as Defendants reside in this district and/or certain transactions, practices and courses of business, and wrongful acts as alleged herein have occurred in this district.

FACTUAL ALLEGATIONS

10.     In or around Fall of 2021, Daquan Vandross, the founder and managing member of Level Up Assets LLC, began to communicate with Defendant Karl Moltimer regarding the purchase and delivery of several trucks and/or tractor-trailers.

11.     Plaintiff Level Up Assets, Plaintiff Shawn Greenway, and Plaintiff Kamtech Restoration Corp each believed that after making cash down payments to Defendant Super Green Logistics LLC, Defendant Karl Moltimer would purchase trucks for Plaintiffs, would ensure that each of the Plaintiffs received a clear title and registration for those trucks, and would promptly deliver those vehicles to Plaintiffs.

12.     As part of this contemplated arrangement, Plaintiffs would then lease those trucks and/or trailers back to Defendant Super Green Logistics LLC and Defendant

Super Green Logistics would pay Plaintiffs, among other things, weekly compensation.

13.    Such an arrangement is known as a "purchase lease back" or "sales lease back" which is standard and customary in the commercial trucking industry. [2]

14.    As a condition precedent to beginning this purchase lease back agreement, Plaintiffs were each required to send a "deposit" of approximately Twenty-Four Thousand and Five Hundred Dollars ($24,500.00) for each truck to the Regions bank account maintained by Defendant Super Green Logistics and controlled by Defendant Karl Moltimer.

15.    Plaintiffs paid Defendant Super Green Logistics more than Three Hundred Thousand dollars.

16.    Yet, neither Defendant Super Green Logistics nor Defendant Karl Moltimer has delivered a truck to any of the Plaintiffs.

17.    In addition, neither Defendant Super Green Logistics nor Defendant Karl Moltimer has returned any of the monies to any of the Plaintiffs.

B.    **Plaintiff Level Up Assets Sends $200,044.25 to Defendant Super Green Logistics Bank Accounts and Never Receives a Vehicle and Defendant Super Green Logistics Refuses to Return any Monies to Plaintiff.**

---

[2] https://www.truckinginfo.com/320418/purchase-lease-back-gives-fleets-another-financing-option

18.     On the following dates, Plaintiffs Level Up Assets sent deposits to the Regions

bank account controlled by Defendant Super Green Logistics LLC and Defendant

Karl Moltimer for no less than *6 trucks* **as shown below:**

| Date | Sender | Beneficiary | Transaction Type | Amount |
|------|--------|-------------|------------------|--------|
| 9/28/21 | Level Up Assets | Super Green Logistics LLC | Check | $50,000 |
| 9/28/21 | Level Up Assets | Super Green Logistics LLC | Check | $50,000 |
| 10/13/21 | Level Up Assets | Super Green Logistics LLC | Wire | $48,025.00 |
| 10/14/21 | Level Up Assets | Super Green Logistics LLC | Credit Card | $21,053 |
| 10/15/21 | Level Up Assets | Super Green Logistics LLC | Credit Card (Amex) | $10,375 |
| 10/15/21 | Level Up Assets | Super Green Logistics LLC | Credit Card Amex | $20,591.25 |

19.     On or about October 14, 2021, Plaintiff Shawn Greenway wired $20,600.00

to the account of Plaintiff Level Assets LLC for a down payment for a truck from

Defendant Super Green Logistics LLC.

20.     Once Defendant Super Green Logistics received the deposits from Plaintiffs,

Defendant Karl Moltimer, acting on behalf of Defendant Super Green Logistics,

promised to identify and purchase Six (6) trucks for Plaintiff Level Up Assets,

including a truck for Plaintiff Shawn Greenway.

21.     After Defendant Karl Moltimer, acting on behalf of Super Green Logistics

LLC, had identified the specific trucks for Plaintiff Level Up Assets, including a

truck for Plaintiff Shawn Greenway, it was understood that Plaintiff Level Up Assets would then send Defendant Super Green Logistics the remaining amounts owed for each truck.

22.    Plaintiff Level Up Assets never sent Defendant Super Green Logistics any additional monies because Defendant Super Green Logistics and Defendant Karl Moltimer failed to identify or delivery any vehicle to Plaintiff Level Up Assets.

23.    At no time did Plaintiff Level Up Assets ever gain possession or control of any truck or tractor trailer.

24.    Furthermore, Level Up Assets was able to reverse approximately $52,000.00 in credit card transactions from October 14 and 15 of 2021.

25.    On or about December 17, 2021, Daquan Vandross acting on behalf of Plaintiff Level Up Assets sent a text message to Defendant Karl Moltimer requesting that Defendant Karl Moltimer wire $148,550.00 to Level Up Assets' bank account:



26.     To date despite Plaintiff Level Up Assets' repeated demands to do so since December of 2021, neither Defendant Super Green Logistics nor Defendant Moltimer has returned any of the monies paid by Plaintiff Level Up Assets LLC.

27.     Plaintiff Level Up Assets has suffered actual monetary damages in the amount of $148,500.00 less the monies advanced by Plaintiff Shawn Greenway ($20,591.25) resulting in damages of no less than $127,908.75.

**C.     Plaintiff Shawn Greenway Sends Defendant Super Green Logistics Approximately $89,000.00 and Never Receives a Vehicle and Defendant Super Green Logistics Refuses to Return any Monies to Plaintiff.**

28.     On or about October 14, 2021, Plaintiff Shawn Greenway wired $20,600.00 to the account of Plaintiff Level Assets LLC for a down payment for a truck from Defendant Super Green Logistics LLC.

29.     As set forth in the above Table, Defendant Super Green Logistics received those monies from Plaintiff Level Up Assets as the down payment for a truck.

30.     On or about November 8, 2021, Plaintiff Shawn Greenway wired $54,500.00 to Defendant Super Green Logistics' Regions bank account.

31.     In or around that same time, Plaintiff Shawn Greenway paid Defendant Super Green Logistics via a credit card transaction an additional $4,173.00 for the taxes, tag, and title for a vehicle.

32.     After the expenditure of those monies to the benefit of Defendant Super Green

Logistics, Plaintiff Shawn Greenway was provided with an invoice for $79, 500.00

marked "paid" below:

| | | | | |
|---|---|---|---|---|
| **Super Green Logistics LLC** | | | | |
| 6655 Powerline Rd Suite 409 | | | | |
| Fort Lauderdale, FL 33309 | | | **Invoice** | |
| Bill To: | Shawn Greenway | Invoice No: | 24 | |
| | Shawn@brandlyft.io | Date: | 12/13/2021 | |
| | PO Box 4381 | Terms: | NET 0 | |
| | Cartersville, GA 30120 | Due Date: | 12/13/2021 | |
| | 770-841-5786 | | | |
| **Description** | **Quantity** | **Rate** | **Amount** | |
| Commercial Vehicle Peterbilt | 1 | $67,500.00 | $67,500.00 | |
| Tow | 1 | $2,500.00 | $2,500.00 | |
| 360 Package | 1 | $9,500.00 | $9,500.00 | |
| | | Subtotal | $79,500.00 | |
| | | Total | $79,500.00 | |
| | | Paid | $0.00 | |
| **PAID** | | **Balance Due** | **$79,500.00** | |

33.     In addition to the above, Plaintiff Shawn Greenway provided Defendant Super

Green Logistics with an additional Ten Thousand dollars ($10,000.00).

34.     After expenditure of those monies, Defendant Karl Moltimer promised

Plaintiff Shawn Greenway prompt delivery of a vehicle described as 2016 Peterbilt

579[3] with VIN #1NPBDH9X0GD327649.

35.     At no time did Plaintiff Shawn Greenway ever gain possession or control of

any truck or tractor trailer.

---

[3] https://www.peterbilt.com/trucks/highway/model-579

36.     To date despite repeated demands from Plaintiff Shawn Greenway to do so neither Defendant Super Green Logistics nor Defendant Moltimer has returned any of the monies paid by Plaintiff Shawn Greenway

37.     Plaintiff Shawn Greenway has suffered actual monetary damages of no less than $89,273.00.

**D.     Plaintiff Kamtech Restoration Corp Sends More than $100,000.00 to Defendant Super Green Logistics but Plaintiff Never Receives a Vehicle and Defendant Super Green Logistics Refuses to Return any Monies to Plaintiff.**

38.     On or about September 29, 2021, Kamtech Solar Restoration LLC sent a check to Defendant Super Green Logistics in the amount of $24,500.00.

39.     On or about October 13, 2021, Plaintiff Kam Tech Restoration wired $48,000.00 to Defendant Super Green Logistics' Regions bank account.

40.     On or about October 18, 2021, Plaintiff Kam Tech Restoration wired $2,495 to Defendant Super Green Logistics' Regions bank account.

41.     On or about October 19, 2021 Plaintiff Kam Tech Restoration wired $27,450.00 to Defendant Super Green Logistics' Regions bank account.

42.     After wiring those monies to Defendant Super Green Logistics, Plaintiff Kam Tech Restoration was provided with an invoice marked "paid" by Defendants which listed the total amount paid of $102,445.00.

43.    Upon wiring the first $74,995.00, Defendant Super Green Logistics and Defendant Karl Moltimer promised Plaintiff Kam Tech Restoration prompt delivery of a truck with no more than 600,000 miles.

44.    Upon wiring the additional $27,450, Defendant Super Green Logistics and Defendant Karl Moltimer promised Plaintiff Kam Tech Restoration prompt delivery of a trailer, more specifically, a 2008 Great Dane 53 foot Dry Van Trailer.

45.    At no time, however, did Plaintiff Kam Tech Restoration Corp ever gain possession or control of any truck.

46.     At no time, however, did Plaintiff Kam Tech Restoration Corp ever gain possession or control of any tractor trailer.

47.    To date despite repeated demands to do so by Plaintiff Kam Tech Restoration Corp  neither Defendant Super Green Logistics nor Defendant Moltimer has returned any of the monies paid by Plaintiff Kamtech Restoration Corp.

48.    Plaintiff Kamtech Restoration Corp has suffered actual monetary damages of no less than $102,445.00.

49.    At no time during any of these negotiations did Defendant Karl Moltimer advise Plaintiffs that Defendant Karl Moltimer was a convicted felon who was sentenced to 54 months of imprisonment after Defendant Karl Moltimer plead guilty to charges of wire fraud and aggravated identity theft in September of 2014 based

on the filing of 10 fake tax refund claims resulting in losses of no less than Two Hundred Thousand dollars.

50.    At no time during any of these negotiations did Defendant Karl Moltimer advise Plaintiffs that on or about September 24, 2014, a federal district court had ordered Defendant Karl Moltimer to pay $285,558.00 in restitution to the U.S. government.

51.    None of the Plaintiffs would have ever paid Defendant Karl Moltimer or Defendant Super Green Logistics any monies had they known that Defendant Moltimer was convicted of stealing identities and committing fraud resulting in losses of Hundreds of Thousands of dollars.

52.    To date, based on Defendants' conduct, Plaintiffs have incurred, collectively, more than Three Hundred and Nineteen Thousand (*$319,576.75)* in actual damages, exclusive of interests, costs, and attorneys 'fees.

**CLAIM ONE**
**UNJUST ENRICHMENT**

**(Plaintiff Level Up Assets)**
**(Defendants Karl Moltimer and Super Green Logistics)**

53.    Plaintiff realleges and incorporates by reference paragraphs 1-52 as if fully set forth herein.

54.    Plaintiff Level Up Assets made payments of no less than One Hundred and Forty-Eight Thousand dollars ($148,000.00) to Defendant Super Green Logistics.

55.   In doing so, Plaintiff Level Up Assets conferred a benefit on Defendant Super Green Logistics and Defendant Karl Moltimer.

56.   Plaintiff Level Up Assets has made a demand for these monies, but Defendants Super Green Logistics and Karl Moltimer have refused to return any monies to Plaintiff.

57.   By accepting, acknowledging, receiving and recognizing the benefit of no less than $148,000.00 provided by Plaintiff Level Up Assets to Defendants Super Green Logistics and Karl Moltimer, Defendants Super Green Logistics and Karl Moltimer received a benefit for which they promised to perform.

58.   By reason of Defendant Super Green Logistics' acceptance of money from Plaintiff Level Up Assets for which they promised to perform and have not performed, Defendants Super Green Logistics and Karl Moltimer have been unjustly enriched.

59.   By reason of Defendant Super Green Logistics' acceptance of money from Plaintiff Level Up Assets for which they promised to perform and have not performed, Plaintiff Level Up Assets has been harmed.

WHEREFORE, Plaintiff prays that this Court (i) award monetary damages of no less than One Hundred and Forty-Eight Thousand dollars ($148,000.00); (ii) interests and costs; *and* (iii) award any other relief the court deems appropriate.

## CLAIM TWO
## UNJUST ENRICHMENT

**(Plaintiff Kamtech Restoration Corp)**
**(Defendants Karl Moltimer and Super Green Logistics)**

60.     Plaintiff realleges and incorporates by reference paragraphs 1-52 as if fully set forth herein.

61.     Plaintiff Kamtech Restoration Corp made payments of no less than One Hundred and Two Thousand Four Hundred and Forty-Five dollars ($102,445.00) to Defendant Super Green Logistics.

62.     In doing so, Plaintiff Kamtech Restoration Corp conferred a benefit on Defendant Super Green Logistics and Defendant Karl Moltimer.

63.     Plaintiff Kamtech Restoration Corp has made a demand for these monies, but Defendants Super Green Logistics and Karl Moltimer refused to return any monies to Plaintiff.

64.     By accepting, acknowledging, receiving and recognizing the benefit of no less than $102,445.00 provided by Plaintiff Kamtech Restoration Corp to Defendants Super Green Logistics and Karl Moltimer, Defendants Super Green Logistics and Karl Moltimer received a benefit for which they promised to perform.

65.     By reason of Defendant Super Green Logistics' acceptance of money from Plaintiff Kamtech Restoration Corp for which they promised to perform and have

not performed, Defendants Super Green Logistics and Karl Moltimer have been unjustly enriched.

66.    By reason of Defendant Super Green Logistics' acceptance of money from Plaintiff Kamtech Restoration Corp for which they promised to perform and have not performed, Plaintiff Kamtech Restoration Corp has been harmed.

WHEREFORE, Plaintiff prays that this Court (i) award monetary damages of no less than One Hundred and Two Thousand Four Hundred and Forty Five dollars ($102,445.00); (ii) interests and costs; *and* (iii) award any other relief the court deems appropriate.

## CLAIM THREE
## UNJUST ENRICHMENT

**(Plaintiff Shawn Greenway)**
**(Defendants Karl Moltimer and Super Green Logistics)**

67.    Plaintiff realleges and incorporates by reference paragraphs 1-52 as if fully set forth herein.

68.    Plaintiff Shawn Greenway made payments of no less than Eighty-Nine Thousand Two Hundred and Seventy-Three dollars ($89,273.00) to Defendant Super Green Logistics.

69.    In doing so, Plaintiff Shawn Greenway conferred a benefit on Defendant Super Green Logistics and Defendant Karl Moltimer.

70.    Plaintiff Shawn Greenway has made a demand for these monies, but Defendant Super Green Logistics and Defendant Karl Moltimer refused to return any monies to Plaintiff.

71.    By accepting, acknowledging, receiving and recognizing the benefit of no less than $89,273.00 provided by Plaintiff Shawn Greenway to Defendants Super Green Logistics and Karl Moltimer, Defendants Super Green Logistics and Karl Moltimer received a benefit for which they promised to perform.

72.    By reason of Defendant Super Green Logistics' acceptance of money from Plaintiff Shawn Greenway for which they promised to perform and have not performed, Defendant Super Green Logistics has been unjustly enriched.

73.    By reason of Defendant Super Green Logistics' acceptance of money from Plaintiff Shawn Greenway for which they promised to perform and have not performed, Plaintiff Shawn Greenway has been harmed.

WHEREFORE, Plaintiff prays that this Court (i) award monetary damages of no less than Eighty-Nine Thousand Two Hundred and Seventy Three dollars ($89,273.00); (ii) interests and costs; *and* (iii) award any other relief the court deems appropriate.

## CLAIM FOUR
## MONEY HAD AND RECEIVED[4]

### (Plaintiff Level Up Assets)
### (Defendants Karl Moltimer and Super Green Logistics)

74.    Plaintiff realleges and incorporates by reference paragraphs 1-52 as if fully set forth herein.

75.    Plaintiff paid One Hundred and Forty-Eight Thousand dollars ($148,550.00) to Defendant Super Green Logistics

76.    By accepting, acknowledging, receiving and recognizing the benefit of no less than $148,000.00 provided by Plaintiff Level Up Assets to Defendant Super Green Logistics, Defendants Super Green Logistics and Karl Moltimer received a benefit for which they promised to pay and have failed to pay.

77.    By reason of the actions of Defendant Karl Moltimer and Defendant Super Green Logistics, Plaintiff has suffered damages of no less than $127,908.75 exclusive of interests, costs, and attorneys' fees.

---

[4] "To prevail on either of these claims [unjust enrichment or money had and received], Plaintiffs must show that (1) they conferred a benefit on the Palmer Law Firm; (2) the firm appreciated such benefit; and (3) acceptance and retention of such benefit by the firm under the circumstances would be inequitable without paying for it." *Kelly v. Palmer Reifler and Associates, PA*, 681 F. Supp. 1356, 1384 (S.D. Fla. 2010) (Moreno J.). An action for money had and received, or the more modern action for unjust enrichment, *see generally Moore Handley, Inc. v. Major Realty Corp.,* 340 So.2d 1238 (Fla. 4th DCA 1976), is an equitable remedy requiring proof that money had been paid due to fraud, misrepresentation, imposition, duress, undue influence, mistake, or as a result of some other grounds appropriate for intervention by a court of equity. *Hall v. Humana Hospital,* 686 So. 2d 653 (Fla. 5th DCA 1996)

WHEREFORE, Plaintiff prays that this Court (i) award monetary damages of no less than One Hundred and Twenty Seven Thousand Nine Hundred and Eight dollars ($127,908.75); (ii) interests and costs; *and* (iii) award any other relief the court deems appropriate.

## CLAIM FIVE
## MONEY HAD AND RECEIVED

**(Plaintiff KamTech Restoration)**
**(Defendants Karl Moltimer and Super Green Logistics)**

78.    Plaintiff realleges and incorporates by reference paragraphs 1-52 as if fully set forth herein.

79.    Plaintiff paid One Hundred and Five Thousand dollars ($102,445.00) to Defendant Super Green Logistics

80.    By accepting, acknowledging, receiving and recognizing the benefit of no less than $102,445.00 provided by Plaintiff Kamtech Restoration Corp to Defendant Super Green Logistics, Defendant Karl Moltimer and Defendant Super Green Logistics received a benefit for which they promised to pay and have failed to pay.

81.    By reason of the actions of Defendant Karl Moltimer and Defendant Super Green Logistics, Plaintiff has suffered damages of no less than $102,445.00.

WHEREFORE, Plaintiff pray that this Court (i) award monetary damages of no less than One Hundred and Two Thousand Four Hundred and Forty-Five dollars

($102,445.00); (ii) interests and costs; *and* (iii) award any other relief the court deems appropriate.

## CLAIM SIX
## MONEY HAD AND RECEIVED

**(Plaintiff Shawn Greenway)**
**(Defendants Karl Moltimer and Super Green Logistics)**

82.   Plaintiff realleges and incorporates by reference paragraphs 1-52 as if fully set forth herein.

83.   Plaintiff Shawn Greenway paid Eighty-Nine Thousand Two Hundred and Seventy Three dollars ($89,273.00) to Defendant Super Green Logistics

84.   By accepting, acknowledging, receiving and recognizing the benefit of no less than $89,273.00 provided by Plaintiff Shawn Greenway to Defendant Super Green Logistics, Defendant Karl Moltimer and Defendant Super Green Logistics received a benefit for which they promised to pay and have failed to pay.

85.   By reason of the actions of Defendant Karl Moltimer and Defendant Super Green Logistics, Plaintiff has suffered damages of no less than $89,273.00.

WHEREFORE, Plaintiff pray that this Court (i) award monetary damages of no less than Eighty-Nine Thousand Two Hundred and Seventy Three dollars ($89,273.00); (ii) interests and costs; *and* (iii) award any other relief the court deems appropriate.

Respectfully submitted,

FELDMAN FIRM PLLC
150 Southeast 2nd Avenue
Suite 600
Miami, Florida 33131
Direct: 305.714.9474
Email: afeldman@feldmanpllc.com
*Counsel for Plaintiffs*

***/s/Andrew S. Feldman*** _____